UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NINA HINSON o/b/o
D. MURRAY,

    Plaintiff,

v.                              Case No.: 8:06-CV-315-T-MAP

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff, on behalf of Deaubre Murray, her minor son, seeks judicial review of the Commissioner's decision denying her claim for Child's Supplemental Security Income ("Child's SSI") benefits.[1]  Plaintiff argues the Administrative Law Judge ("ALJ") erred by finding that Deaubre did not have marked limitations in acquiring and using information and failing to order a consultative examination.  After consideration, I agree and remand the case for further administrative proceedings.

    *A. Background*

Deaubre Murray, born on June 1, 1993, and eleven years old at the administrative hearing, suffers from a learning disability and asthma.  The Plaintiff filed an application for Child's SSI on Deaubre's behalf on January 28, 2003, alleging he became disabled on September 1, 1999, due to speech and language difficulties.  The ALJ found Deaubre did not satisfy the disability standard

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (c).  *See* doc. 11.

for Child's SSI and was not disabled.[2] Plaintiff has timely pursued and exhausted her administrative remedies and the case is now ripe for judicial review.

*B. Standard of Review*

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not re-weigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton,* 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

There are three sequential steps used in evaluating disability of an individual who has not attained age eighteen. 20 C.F.R. § 416.924. First, the ALJ must determine if the child is undertaking substantial gainful activity. If the child is engaged in substantial gainful activity, she will not be found disabled. If the child is not performing substantial gainful activity, then at step two the ALJ considers the child's physical and mental impairments to determine if there is a severe impairment. A severe impairment is one that causes more than minimal functional limitations. If the ALJ finds a severe impairment, step three requires a review of the evidence to determine whether

---

[1] The ALJ accurately reports Deaubre's medical history and I adopt that portion of his decision for purposes of this order. (R. 19-20).

the child has an impairment that (1) meets or medically equals in severity the criteria for an impairment listed in the Listing of Impairments in Appendix 1 of Subpart P, 20 C.F.R. Part 404, or (2) functionally equals in severity any impairment listed under the Listing.  A child's functional limitations are evaluated in six broad functional areas, called domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1).  If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment(s) is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d).  If the child has any such impairment(s) described above, and it meets the duration requirements, the child will be found disabled.

  *C. Discussion*

  Plaintiff contends the ALJ erred by finding Deaubre did not have an impairment or combination of impairments resulting in marked and/or extreme functional limitations.  Specifically, while the ALJ found Deaubre had marked limitations with attending and completing tasks, he did not determine that Deaubre had marked limitations in acquiring and using information.  If Deaubre had marked limitations in two domains, he would be disabled.  Defendant argues that substantial evidence supports the ALJ's decision that Deaubre's mental impairment is not a marked limitation.

  Although Deaubre underwent extensive testing, all of which revealed he was functioning within the intellectually deficient range, the ALJ determined that the tests underestimated his actual intellectual functioning. (R. 23).  The ALJ based his finding on Deaubre's doctors' opinions that these tests were not a true indication of Deaubre's actual intellectual functioning, because they were inconsistent with his spoken vocabulary, achievement test results, behavioral presentation, and

previous IQ testing. (R. 159-163, 166, 180). However, Dr. Harrison opined that "DeAubre is presently demonstrating both significant academic and process area skill deficits which appear characteristic of students with learning disabilities." (R. 167). Also, Dr. Perry could not rule out mild mental retardation. (R. 163).

Test scores can be used as an indicator of a child's development or level of functioning. 20 C.F.R. § 416.924(a); 20 C.F.R. § 416.924a(e)(1)(ii). The scores, or percentiles, can be converted to substantial deviations and are used in connection with other information concerning a child's functioning to determine where the child has a marked or extreme limitation in a domain. *Id.* A marked limitation is "the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(I).

While the record contains information on Deaubre's test scores, it does not appear that they were converted to standard deviations. Based on Deaubre's substantial difficulties in tasks such as reading, math, and writing fluency, it is possible that his scores are at least two, but less than three, standard deviations below the mean, which would qualify as a marked limitation. Because the scores were not converted to standard deviations, it is impossible to determine whether Deaubre has a marked or extreme limitation in a domain. *See Fontanez v. Barnhart*, 195 F. Supp. 2d 1333, 1357 (M.D. Fla. 2002)("Absent standardized tests that measure functional abilities in terms of standard deviations, a judge cannot usually determine the presence or absence of an 'extreme' or 'marked' limitation.") Therefore, the ALJ failed to fully consider the importance of Deaubre's test scores.

*D. Conclusion*

For the reasons stated above, it is ORDERED:

1. The Clerk enter judgment for the Plaintiff with instruction that the case be remanded back for further administrative proceedings consistent with this opinion.

2. On remand, Deaubre's test scores should be converted to standard deviations to determine whether Deaubre has a marked or extreme limitation in a domain.

IT IS SO ORDERED at Tampa, Florida on February 1, 2007.

                                                *Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

copies to: counsel of record